**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

NELSON ROUETTE and JAY NEARIS,

      Plaintiffs and
      Counterclaim Defendants,

vs.

MACHINE & ELECTRICAL
CONSULTANTS, INC., FABIAN DUBE,
and NORM CREPEAU,

      Defendants and
      Counterclaim Plaintiffs

MACHINE & ELECTRICAL
CONSULTANTS, INC.

      Third-Party Plaintiff

vs.

QUALITY MACHINE SOLUTIONS,
INC.

      Third-Party Defendant

Civil Action No.

**ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

Defendants Machine & Electrical Consultants, Inc. ("MECI"), Fabian Dube and Norman Crepeau Answer the Complaint as follows:

    1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore deny the same.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore deny the same.

3.      Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint and therefore deny the same.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore deny the same.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore deny the same.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore deny the same.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint and therefore deny the same.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and therefore deny the same.

12.    Defendants admit that in May 2002, Defendant MECI hired Jay B. Nearis and Nelson R. Rouette to serve as co-sales managers for New England and Puerto Rico but deny the remaining allegations contained in Paragraph 12 of the Complaint.

13.    Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.    Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.    Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.    Defendants admit that on March 15, 2004, MECI terminated Plaintiffs' employment but deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.    Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.    Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore deny the same.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and therefore deny the same.

22.     Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendants admit that Monalex Manufacturing, Inc. is currently holding funds due and owing to the Defendant MECI but denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

## COUNT I

28.    Defendants restate their responses to the allegations contained in
Paragraphs 1-27.

29.    Defendants deny the allegations contained in Paragraph 29 of Plaintiffs'
Complaint.

30.    Defendants deny the allegations contained in Paragraph 30 of Plaintiffs'
Complaint.

## COUNT II

31.    Defendants restate their responses to the allegations contained in
Paragraphs 1-30.

32.    Defendants deny the allegations contained in Paragraph 32 of Plaintiffs'
Complaint.

33.    Defendants deny the allegations contained in Paragraph 33 of Plaintiffs'
Complaint.

## COUNT III

34.    Defendants restate their responses to the allegations contained in
Paragraphs 1-33.

35.    Defendants deny the allegations contained in Paragraph 35 of Plaintiffs'
Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of Plaintiffs'
Complaint.

## COUNT IV

37.     Defendants restate their responses to the allegations contained in Paragraphs 1-36.

38.     Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

## COUNT V

40.     Defendants restate their responses to the allegations contained in Paragraphs 1-39.

41.     Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

## COUNT VI

43.     Defendants restate their responses to the allegations contained in Paragraphs 1-42.

44.     Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

6

## COUNT VII

46.     Defendants restate their responses to the allegations contained in Paragraphs 1-45.

47.     Defendants admit that in May 2002, Defendant MECI hired Nelson R. Rouette to serve as a co-sales manager for New England and Puerto Rico but deny the remaining allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

## COUNT VIII

51.     Defendants restate their responses to the allegations contained in Paragraphs 1-50.

52.     Defendants admit that in May 2002, Defendant MECI hired Nelson R. Rouette to serve as a co-sales manager for New England and Puerto Rico but deny the remaining allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.    Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

## COUNT IX

56.    Defendants restate their responses to the allegations contained in Paragraphs 1-55.

57.    Defendants admit that in May 2002, Defendant MECI hired Nelson R. Rouette to serve as a co-sales manager for New England and Puerto Rico but deny the remaining allegations contained in Paragraph 57 of the Complaint.

58.    Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.    Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.    Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

## COUNT X

61.    Defendants restate their responses to the allegations contained in Paragraphs 1-60.

62.    Defendants admit that in May 2002, Defendant MECI hired Jay B. Nearis to serve as a co-sales manager for New England and Puerto Rico but deny the remaining allegations contained in Paragraph 62 of the Complaint.

63.    Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.    Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.    Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

## COUNT XI

66.    Defendants restate their responses to the allegations contained in Paragraphs 1-65.

67.    Defendants admit that in May 2002, Defendant MECI hired Jay B. Nearis to serve as a co-sales manager for New England and Puerto Rico but deny the remaining allegations contained in Paragraph 67 of the Complaint.

68.    Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.    Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.    Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

## COUNT XII

71.    Defendants restate their responses to the allegations contained in Paragraphs 1-70.

72.    Defendants admit that in May 2002, Defendant MECI hired Jay B. Nearis to serve as a co-sales manager for New England and Puerto Rico but deny the remaining allegations contained in Paragraph 72 of the Complaint.

9

73.    Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.    Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

## COUNT XIII

76.    Defendants restate their responses to the allegations contained in Paragraphs 1-75.

77.    Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

## COUNT XIV

78.    Defendants restate their responses to the allegations contained in Paragraphs 1-77.

79.    Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

## COUNT XV

80.    Defendants restate their responses to the allegations contained in Paragraphs 1-79.

81.    Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

## COUNT XVI

82.    Defendants restate their responses to the allegations contained in Paragraphs 1-81.

83.    Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

## COUNT XVII

84.    Defendants restate their responses to the allegations contained in Paragraphs 1-83.

85.    Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

## COUNT XVIII

86.    Defendants restate their responses to the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.    Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

## COUNT XIX

88.    Defendants restate their responses to the allegations contained in Paragraphs 1-87 of Plaintiffs' Complaint.

89.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 89 of the Complaint.

11

90.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 90 of the Complaint.

## COUNT XX

91.    Defendants restate their responses to the allegations contained in Paragraphs 1-90.

92.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 92 of the Complaint.

93.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 93 of the Complaint.

## COUNT XXI

94.    Defendants restate their responses to the allegations contained in Paragraphs 1-93.

95.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed

fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 95 of the Complaint.

96.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 96 of the Complaint.

## COUNT XXII

97.    Defendants restate their responses to the allegations contained in Paragraphs 1-96.

98.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 98 of the Complaint.

99.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 99 of the Complaint.

## COUNT XXIII

100.    Defendants restate their responses to the allegations contained in Paragraphs 1-99.

101.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 101 of the Complaint.

102.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 102 of the Complaint.

## COUNT XXIV

103.    Defendants restate their responses to the allegations contained in Paragraphs 1-102.

104.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 104 of the Complaint.

105.    Defendants admit that MECI has not extended COBRA health care coverage to Plaintiffs and aver that COBRA does not apply to MECI because it employed

fewer than 20 employees on a typical business day during the calendar year proceeding Plaintiffs' termination and denies the remaining allegations contained in Paragraph 105 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails pursuant to the doctrines of accord and satisfaction.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails because Plaintiffs have been fully paid by Defendant MECI.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails because of a failure of consideration.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails because of the Plaintiffs' breach of contract and breach of covenants of good faith and fair dealing.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails because of Plaintiffs' breach of their fiduciary duty to the defendants.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails in whole or in part because any money allegedly owed Plaintiffs is offset in whole or in part by money owed Defendant MECI by Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek equitable relief, the Complaint fails because of Plaintiffs' unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails because Plaintiffs' claims are barred by estoppel.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails as it relates to Plaintiffs' assertion of COBRA benefits on the grounds that Defendant MECI employed fewer than 20 employees on a typical business day during the calendar year prior to Plaintiffs' termination.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and that Defendants be awarded their costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

16

## MECI'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Machine & Electrical Consultants, Inc. Counterclaims against Nelson R. Rouette and Jay B. Nearis, claims as to Third-Party Defendant Quality Machine Solutions, Inc. as follows:

## PARTIES AND JURISDICTION

1.      Counterclaim and Third-Party Plaintiff Machine & Electrical Consultatns, Inc. ("MECI") is a Maine corporation with a principal place of business at 17 Pomerleau Street, Biddeford, Maine.

2.      Counterclaim Defendant Jay B. Nearis ("Nearis") is an individual residing at 251 East Main Street, Gloucester, Massachusetts.

3.      Counterclaim Defendant Nelson R. Rouette ("Rouette") is an individual residing at 127 Bumstead Road, Monson, Massachusetts.

4.      Third-Party Defendant Quality Machine Solutions, Inc. ("QMS") is a Massachusetts corporation with a principal place of business at 127 Bumstead Road, Monson, Massachusetts.

5.      Personal jurisdiction as to the Counterclaim defendants in this Court exists because they reside and do business in Massachusetts, and as to QMS because it is a Massachusetts corporation.

6.      This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds $75,000 and the controversy is between citizens of different states.

## FACTS

7.      In May 2002, MECI employed Nearis and Rouette as co-sales managers

for its New England and Puerto Rican territories. Nearis and Rouette were hired to work

for MECI on a full time basis.

8.      Nearis and Rouette represented to MECI that while they also were

associated with QMS, in which Rouette was the president and shareholder, that business

was limited solely to the sale of re-sharpened end mills in Puerto Rico. Nearis and

Rouette also represented that they would devote their full efforts to MECI, and that QMS

would not be involved in similar business as MECI, and would not interfere or impair the

full-time obligations and duties of Rouette and Nearis to MECI.

9.      MECI, however, later learned that contrary to Nearis and Rouette's

representations, both Nearis and Rouette had been and were actively working for QMS

and were seeking to divert equipment line relationships from MECI and establish

equipment line relationships on an exclusive basis for QMS.

10.     By way of example, in a letter dated February 19, 2004, Nearis and

Rouette communicated with officers of Kia soliciting Kia's equipment line on an

exclusive basis and communicating to Kia a marketing plan in direct competition with

their employer, MECI. A copy of the letter is attached as Exhibit A.

11.     MECI also later obtained information that Nearis and Rouette, on behalf

of QMS entered into a purchase order for the sale by QMS of certain equipment to DFF

Corporation, one of MECI's existing customers. A copy of the purchase order is attached

as Exhibit B.

18

12.    Nearis and Rouette, without DFF Corporation's knowledge or authorization, then altered the purchase order so that the four machines which were the subject of the original purchase order would be supplied by Absolute Machine Company, one of MECI's distributors. A copy of the altered purchase order is attached hereto Exhibit C.

13.    The altered purchase order deleted any reference to credits which were to be provided to DFF Corporation for four pieces of equipment which would be accepted from DFF Corporation in trade.

14.    The altered purchase order reduced the unit price and total price of the four machines to be delivered to DFF Corporation to offset the credit contained in the original purchase order.

15.    The purchase order was altered improperly in part to allow QMS to retain the equipment which was used as a credit towards the original sales price, re-sell the equipment, and retain the profits generated therefrom.

16.    During the term of Nearis and Rouette's employment, Rouette falsely represented to MECI that he needed to receive from MECI a 10" chuck and 20 pole studs, with a combined value of $4,500.00, to deliver to DFF Corporation as part of the sale of equipment to DFF.

17.    MECI learned from DFF Corporation that it never requested the chuck and pole studs and that it never received the equipment.

18.    During Nearis and Rouette's employment, MECI also learned and suspected that both Nearis and Rouette were seeking to establish additional competing equipment lines for QMS, and were diverting sales from MECI to QMS.

19

19.     On March 15, 2004, as a result of Nearis and Rouette's misconduct and breach of the terms of their employment with MECI, MECI terminated Nearis and Rouette's employment.

20.     During the terms of their employment with MECI, Nearis and Rouette sold various machine and equipment to Topsfield Tool & Engineering through QMS. Attached as Exhibit D are four invoices dated September 2, 2002 (invoice #111), November 5, 2002 (unnumbered invoice), December 12, 2002 (invoice #119), and December 13, 2002 (invoice #121) with corresponding purchase orders and proposals. Also attached as Exhibit D is a January 12, 2004 purchase order from Topsfield Tool & Engineering to QMS.

21.     These surreptitious sales on behalf of QMS diverted opportunities and revenue from MECI to the Counterclaim and Third-Party Defendants, and were in violations of Nearis and Rouette's terms of employment and duties owed to MECI.

22.     MECI has also has learned of various other such sales on behalf of QMS by Nearis and Rouette during their employment with MECI, including but not limited to, the sale of an Okuma & Howa HMC to Turbocare, the sale of a Nakamura Lathe, and the sale of machinery to Metso Corporation.

23.     Upon information and belief, Nearis and Rouette during their employment with MECI, diverted various other sales of machinery, equipment, and servicing from MECI to QMS.

## COUNT I
### (Breach of Fiduciary Duty-Nearis and Rouette)

24.     MECI restates the allegations contained in Paragraphs 1 through 23.

25.     During the term of their employment, Nearis and Rouette had fiduciary duties to MECI, including, without limitation, duties of loyalty and disclosure.

26.     Nearis and Rouette breached their duties in numerous respects, including but not limited to diverting and attempting to divert lines of machinery and equipment from MECI to QMS, diverting the sale of machinery, equipment and servicing from MECI to QMS, developing and operating a business in direct competition with MECI, and converting MECI money, property and equipment for their benefit.

27.     As a result of Nearis and Rouette's breach of their duty to MECI, MECI suffered damages.

## COUNT II
### (Tortious Interference with Agreements and Advantageous Relations-QMS, Nearis, Rouette)

28.     MECI restates the allegations contained in Paragraphs 1 through and including 27.

29.     Following the termination of their employment on March 15, 2004, Nearis, Rouette and QMS contacted Monalex Manufacturing, Inc., one of MECI's customers, and misrepresented that the sale of a machine by Nearis and Rouette during the term of their employment with MECI belonged to QMS and not MECI.

30.     Nearis, Rouette, and QMS misrepresented that the payment for the machine not be sent to MECI but rather to QMS.

31.     As a result of the false representations by QMS, Nearis and Rouette, Monalex Manufacturing, Inc. has failed and refused to forward payment of $55,000.00 to MECI.

21

32.    QMS, Nearis and Rouette made additional false statements and representations to other customers, distributors and vendors of MECI, seeking to damage MECI's relationships with those parties to the unfair advantage of QMS, Nearis and Rouette.

33.    Both during the employment and after the termination of Nearis and Rouette, QMS, Nearis and Rouette have tortiously interfered with MECI's advantageous relationships and agreements with its distributors, vendors, and customers.

34.    The actions of QMS, Nearis and Rouette to interfere with MECI's agreements and business relationships were improper, willful and malicious.

35.    As a result of the tortious interference with MECI's advantageous relations by QMS, Nearis and Rouette, MECI has suffered damages.

### COUNT III
### (Conversion-- QMS, Nearis and Rouette)

36.    MECI restates the allegations contained in Paragraphs 1 through and including 35.

37.    Upon termination of Nearis and Rouette's employment, MECI demanded that Nearis and Rouette return to MECI two Gateway laptop computers (valued at $2,850.00 apiece) which had been provided to Nearis and Rouette for use during their employment with MECI.

38.    The MECI computers belong to MECI, and contain valuable proprietary information belonging to MECI.

39.    Upon information and belief, Nearis and Rouette have improperly used, and continue to improperly use, MECI's computers and MECI's proprietary information to benefit QMS at the expense of MECI.

22

40.     Nearis and Rouette also have failed to return the computers and the proprietary information and other property belonging to MECI, and that property has been improperly retained and used by QMS, Nearis and Rouette as their own.

41.     As a result of the conversion by QMS, Nearis and Rouette's of equipment and funds belonging to MECI both during their employment and following their termination, MECI has suffered damages.

## COUNT V
### (Mass. Gen. Laws Ch. 93A, §11- QMS, Nearis and Rouette)

42.     MECI restates the allegations contained in Paragraphs 1 through and including 41.

43.     QMS is and has been engaged in trade or commerce in Massachusetts in unfair competition with MECI at all times material to this Counterclaim and Third-Party Complaint.

44.     Nearis and Rouette, apart from and in violation of, their employment relationship with MECI, acted individually and in concert with QMS in trade or commerce in Massachusetts in unfair competition with MECI.

45.     In so doing, QMS, Nearis, and Rouette through false statements, falsified purchase orders and other documents, and other unfair and deceptive conduct diverted and misappropriated opportunities and revenue from MECI to themselves, and damaged MECI.

46.     The actions of QMS, Nearis and Rouette alleged herein constitute unfair methods of competition, and unfair or deceptive acts or practices in violation of Mass. Gen. Laws ch. 93A, §§ 2 and 11.

23

47.    The actions or transactions constituting unfair or deceptive acts in violation of Mass. Gen. Laws ch. 93A occurred primarily and substantially in Massachusetts.

48.    The actions of defendants in violation of Mass. Gen. Laws c. 93A were intentional and willful, and caused and continue to cause substantial harm and damages to MECI.

## COUNT VI
### (Fraudulent Misrepresentation- QMS, Nearis and Rouette)

49.    MECI restates the allegations contained in Paragraphs 1 through and including 48 as though fully set forth herein.

50.    The false statements and representations of QMS, Nearis, and Rouette described herein were false at the time they were made, were made with the intention that MECI rely upon them, and MECI did reasonably rely upon them.

51.    As a result of the fraudulent misrepresentations of QMS, Nearis and Rouette to MECI and MECI's distributors, vendors, and customers, MECI has suffered damages.

## COUNT VII
### (Breach of Contract- Nearis and Rouette)

52.    MECI restates the allegations contained in Paragraphs 1 through and including 51.

53.    Nearis and Rouette allege that both have a written Employment Agreement with MECI.

24

54.    MECI acknowledges that its president signed a draft agreement, but did so explicitly stating that the agreement was merely a draft, subject to the review and approval of MECI's counsel.

55.    The draft Employment Agreements were never finalized.

56.    Nearis and Rouette were employees at will subject to oral employment agreements.

57.    Nearis and Rouette breached their oral employment agreements with MECI.

58.    To the extent that the Court finds that written Employment Agreements existed between MECI and Nearis and Rouette, Nearis and Rouette breached the terms of their Employment Agreements.

59.    As a result of Nearis and Rouette's breach of their Employment Agreements with MECI, MECI has suffered damages.

## COUNT VIII
### (Breach of Implied Covenant of Good Faith and Fair Dealing-- Nearis and Rouette)

60.    MECI restates the allegations contained in Paragraphs 1 through and including 59.

61.    Implied in any applicable agreement between MECI and Nearis or MECI and Rouette is a covenant of good faith and fair dealing.

62.    Nearis and Rouette have breached the implied covenant of good faith and fair dealing by their conduct alleged herein.

63.    As a result of their breach of the implied covenant of good faith and fair dealing, Nearis and Rouette have caused MECI to suffer damages.

25

WHEREFORE, MECI respectfully requests that this Court:

(1)    enter judgment in MECI's favor on all counts of this Counterclaim and Third-Party Complaint;

(2)    grant permanent injunctive relief so as to:

    a.  enjoin QMS, Nearis and Rouette from engaging in unfair and deceptive acts or practices in trade and in competition with MECI;

    b.  enjoin QMS, Nearis and Rouette from wrongfully interfering with MECI's agreements and relationships with its customers, vendors and distributors;

    c.  enjoin QMS, Nearis and Rouette from continuing to retain and use, and from failing to account for and return the property and proprietary information of MECI;

    d.  grant such other injunctive relief as may be necessary;

(3)    award MECI compensatory and exemplary damages in an amount to be determined at trial;

(4)    award MECI treble damages, attorneys' fees, costs and other relief in accordance with Mass. Gen. Laws ch. 93A, §11;

(5)    require QMS, Nearis and Rouette to disgorge all revenue or profit obtained by them as a result of their unfair, deceptive, or otherwise improper and unlawful conduct;

(6)    grant such other relief as is appropriate and just.

## DEMAND FOR JURY TRIAL

MECI demands a trial by jury on those causes of action and issues where MECI is so entitled.

DATED:  July 8, 2004.

    Respectfully submitted,

MACHINE & ELECTRICAL CONSULTANTS, INC., FABIAN DUBE, and NORM CREPEAU,

by their attorneys,

Jeffrey D. Clements, BBO #632544
Clements & Clements LLP
50 Federal Street
Boston, MA 02110
(617) 451-1802

COUNSEL:

Keith R. Jacques
Smith Elliot Smith & Garmey, P.A.
199 Main Street
P.O. Box 1179
Saco, ME  04072

### CERTIFICATE OF SERVICE

I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served by overnight mail to counsel of record for the plaintiff on July 8, 2004.

Jeffrey D. Clements