UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11534-MAP

| | |
|---|---|
| NELSON R. ROUETTE AND JAY NEARIS, <br><br> Plaintiffs and Counterclaim Defendants <br><br> vs. <br><br> MACHINE & ELECTRICAL CONSULTANTS, INC., FABIEN DUBE, AND NORM CREPEAU, <br><br> Defendants and Counterclaim Plaintiffs <br><br> MACHINE & ELECTRICAL CONSULTANTS, INC. <br><br> Third-Party Plaintiff <br><br> vs. <br><br> QUALITY MACHINE SOLUTIONS, INC. <br><br> Third-Party Defendant | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL** |

## STATEMENT OF FACTS

On or about February 1, 2005, the Plaintiffs received the Defendants' Response to the Plaintiffs' First Request for the Production of Documents and First Set of Interrogatories. However, several responses were incomplete and evasive.

## ARGUMENT

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery in pertinent part as follows:

A party may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense or party seeking discovery or to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not grounds for the objection that the information sought will be inadmissible at trial if the information appears reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORIES

### INTERROGATORY NO. 2.

In regards to Nelson Rouette's employment at Machine & Electrical Consultants, Inc. (hereinafter "MECI") please state the following:

    a.    The date his employment began;

    b.    The date his employment ended;

    c.    The terms of said employment, including but not limited to, the amount of compensation he was to receive; any bonuses he was to receive; any vacation time he was to receive; any commissions he was to receive; and any sick time he was to receive; and

    d.    The total amount of compensation MECI paid him from the date he began working until the day he stopped working.

## ANSWER TO INTERROGATORY NO. 2.

    a.    April 15, 2002.

    b.    March 15, 2004.

    c.    Rouette was employed as a sales manager for MECI. He was paid a weekly wage of $1,000.00 a week, no bonuses, 2 weeks vacation, no sick time. After he started working, MECI at Rouette's request began paying him commissions for the sale of certain machinery. He continued to receive a weekly wage.

    d.    Rouette    $162,118.51 (net after taxes)

        QMS    <u>$ 29,150.00</u> (at Rouette' request)

        Total    $191,268.51

## ARGUMENT

The response to Interrogatory No. 3(c) indicates that Mr. Rouette received commissions for the sale of certain machinery, but does not state how the commissions were calculated. The Plaintiffs' claims center around their allegations that they did not receive commissions that were due and owing to them. Information as to how the commissions that were paid were calculated is reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 12.

Please describe in detail all machines and/or equipment Nelson Rouette sold on behalf of MECI during the course of his employment. Please include in your answer:

    a.    Make, model and serial number of each machine;

    b.    The name and address of the person or entity the machine or equipment was sold to;

c.  The date each such machine or equipment was sold;

d.  The amount of money MECI received for each sale of a machine or equipment;

e.  The amount of money MECI paid for each machine or equipment sold; and

f.  The amount of profit made by MECI on each machine or equipment sold.

## ANSWER TO INTERROGATORY NO. 12.

See initial disclosures, sales worksheets and documents produced in response to Plaintiff's First Request for Production of Documents.

## ARGUMENT

The Plaintiffs' claims are that they were entitled to a 25% commission of the profits generated by each machine they sold and a 1.5% commission on all machines sold by MECI. Information sought in this Interrogatory is not only reasonably calculated to lead to the discovery of admissible evidence, but crucial to this claim.

The Defendants can not simply cite to the documents produced in their response to the Plaintiff's Request for Production of Documents as a response to this Interrogatory. Said documents do not provide all of the requested information. The Plaintiffs are entitled to have this information provided via a written Interrogatory Answer, signed under the pains and penalties of perjury.

## INTERROGATORY NO. 13.

Please describe in detail all machines and/or equipment Jay Nearis sold on behalf of MECI during the course of his employment. Please include in your answer:

   a. Make, model and serial number of each machine;

   b. The name and address of the person or entity the machine or equipment was sold to;

   c. The date each such machine or equipment was sold;

   d. The amount of money MECI received for each sale of a machine or equipment;

   e. The amount of money MECI paid for each machine or equipment sold; and

    f.  The amount of profit made by MECI on each machine or equipment sold.

## ANSWER TO INTERROGATORY NO. 13.

See initial disclosures, sales worksheets and documents produced in response to Plaintiff's First Request for Production of Documents.

## ARGUMENT

The Plaintiffs' claims are that they were entitled to a 25% commission of the profits generated by each machine they sold and a 1.5% commission on all machines sold by MECI. Information sought in this Interrogatory is not only reasonably calculated to lead to the discovery of admissible evidence, but crucial to this claim.

The Defendants can not simply cite to the documents produced in their response to the Plaintiff's Request for Production of Documents as a response to this Interrogatory. Said documents do not provide all of the requested information. The Plaintiffs are entitled to have this information provided via a written Interrogatory Answer, signed under the pains and penalties of perjury.

## INTERROGATORY NO. 14.

Please describe in detail all machines and/or equipment sold on behalf of MECI, by any person, during the course of Nelson Rouette's employment. Please include in your answer:

   a. Make, model and serial number of each machine;

   b. The name and address of the person or entity the machine or equipment was sold to;

   c. The date each such machine or equipment was sold;

   a. The amount of money MECI received for each sale of a machine or equipment;

   b. The amount of money MECI paid for each machine or equipment sold; and

   c. The amount of profit made by MECI on each machine or equipment sold.

## ANSWER TO INTERROGATORY NO. 14.

Defendants object to this Interrogatory on the grounds that the documents and information requested is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory in that it seeks confidential, proprietary and/or confidential sensitive information.

## ARGUMENT

The Plaintiffs' claims are that they were entitled to a 25% commission of the profits generated by each machine they sold and a 1.5% commission on all machines sold by MECI. Information sought in this Interrogatory is not only reasonably calculated to lead to the discovery of admissible evidence, but is crucial to this claim. Without the production of this information, the Plaintiffs will not be able to move forward on their case in chief.

In the Plaintiffs initial disclosures, the Plaintiff produced emails from the principals of MECI referenced the 1.5% commission as alleged in the Plaintiff's complaint. (Copies are attached hereto as Exhibit "A"). At a minimum this is evidence that this interrogatory is reasonably calculated to lead to the discovery of admissible evidence.

## **INTERROGATORY NO. 15.**

Please describe in detail all machines and/or equipment sold on behalf of MECI, by any person, during the course of Jay Nearis's employment. Please include in your answer:

    a.    Make, model and serial number of each machine;

    b.    The name and address of the person or entity the machine or equipment was sold to;

    c.    The date each such machine or equipment was sold;

    d.    The amount of money MECI received for each sale of a machine or equipment;

    e.    The amount of money MECI paid for each machine or equipment sold; and

    g.    The amount of profit made by MECI on each machine or equipment sold.

## ANSWER TO INTERROGATORY NO. 15.

Defendants objects to this Interrogatory on the grounds that the documents and information requested is overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory in that it seeks confidential, proprietary and/or confidential sensitive information.

## ARGUMENT

The Plaintiffs' claims are that they were entitled to a 25% commission of the profits generated by each machine they sold and a 1.5% commission on all machines sold by MECI. Information sought in this Interrogatory is not only reasonably calculated to lead to the discovery of admissible evidence, but is crucial to this claim. Without the production of this information, the Plaintiffs will not be able to move forward on their case in chief.

In the Plaintiffs initial disclosures, the Plaintiff produced emails from the principals of MECI referenced the 1.5% commission as alleged in the Plaintiff's complaint. (Copies are attached hereto as Exhibit "A"). At a minimum this is evidence that this interrogatory is reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 19.

Copies of any and all invoices and/or purchase orders submitted by MECI to any person or entity, referencing any machines or equipment sold by any employee of MECI since Nelson Rouette and Jay Nearis began their employment at MECI.

### RESPONSE NO. 19.

Defendants object to Request No. 19 as overly broad, overly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent that it seeks documents or information that contained confidential, proprietary and/or competitively sensitive information or trade secrets.

### ARGUMENT

The Plaintiffs' claims are that they were entitled to a 25% commission of the profits generated by each machine they sold and a 1.5% commission on all machines sold by MECI. Information sought in this Request is not only reasonably calculated to lead to the discovery of admissible evidence, but is crucial to this claim. Without the production of this information, the Plaintiffs will not be able to move forward on their case in chief.

In the Plaintiffs initial disclosures, the Plaintiff produced emails from the principals of MECI referenced the 1.5% commission as alleged in the Plaintiff's complaint. (Copies are attached hereto as Exhibit "A"). At a minimum this is evidence that this Request is reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 25.

Copies of any and all checks, pay stubs, and/or other documents which reference payments made to Nelson Rouette from MECI during the course of Nelson Rouette's employment.

## RESPONSE NO. 25.

Documents responsive to this request are attached. See also Initial Disclosure.

## ARGUMENT

The Defendants have not produced any of the checks or pay stubs referencing payments to the Plaintiffs. The Plaintiffs' claims are that they were entitled to a 2.5% commission of the profits generated by each machine they sold and a 1.5% commission on all machines sold by MECI, in addition to being owed a small amount of their weekly

salary. Information sought in this Request is not only reasonably calculated to lead to the discovery of admissible evidence, but is crucial to this claim.

The Defendants maintain that they have paid the Plaintiffs all sums due and owing. The Request merely seeks copies of the documents evidencing the alleged payments.

## REQUEST NO. 39

Copies of any and all documents which relate to, show or describe the machines or equipment sold by MECI to any other person or entity during the course of Nelson Rouette's employment.

## RESPONSE NO. 39.

Defendants object to Request No. 39 on the grounds that the information is overly broad, overly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Defendants also object to this request on the grounds that it seeks documents or information that contain confidential, proprietary and/or competitively sensitive information or trade secrets.

**ARGUMENT**

The Plaintiffs' claims are that they were entitled to a 25% commission of the profits generated by each machine they sold and a 1.5% commission on all machines sold by MECI. Information sought in this Request is not only reasonably calculated to lead to the discovery of admissible evidence, but is crucial to this claim. Without the production of this information, the Plaintiffs will not be able to move forward on their case in chief.

In the Plaintiffs initial disclosures, the Plaintiff produced emails from the principals of MECI referenced the 1.5% commission as alleged in the Plaintiff's complaint. (Copies are attached hereto as Exhibit "A"). At a minimum this is evidence that this Request s reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 40.**

Copies of any and all documents which relate to, show or describe that machines or equipment sold by MECI to any other person or entity during the course of Jay Nearis's employment.

**RESPONSE NO. 40.**

Defendants object to Request No. 40 on the grounds that the information requested is overly broad, overly burdensome, irrelevant and not calculated to lead to the discovery of admissibly evidence. Defendants also object to this request on the grounds that it seeks documents or information that contain confidential, proprietary and/or competitively sensitive information or trade secrets.

**ARGUMENT**

The Plaintiffs' claims are that they were entitled to a 25% commission of the profits generated by each machine they sold and a 1.5% commission on all machines sold by MECI. Information sought in this Request is not only reasonably calculated to lead to the discovery of admissible evidence, but is crucial to this claim. Without the production of this information, the Plaintiffs will not be able to move forward on their case in chief.

In the Plaintiffs initial disclosures, the Plaintiff produced emails from the principals of MECI referenced the 1.5% commission as alleged in the Plaintiff's complaint. (Copies are attached hereto as Exhibit "A"). At a minimum this is evidence that this Request is reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 50.**

Copies of all State and Federal tax documents prepared by or on behalf of MECI from 2000 to the present date, including but not limited to:

    a.    Payroll tax returns;

    b.    Sales tax returns;

    c.    Federal forms 941;

    d.    Federal forms 940;

    e.    Federal forms W-3;

    f.    Federal forms W-2;

    g.    Federal forms 1090; and

    h.    Federal forms 1099.

**RESPONSE NO. 50.**

Defendants object to Request No. 50 on the grounds that the information requested is overly broad, overly burdensome, irrelevant and not calculated to lead to the discovery of admissible evidence. Defendants also object to this request on the grounds that it seeks documents or information that contain confidential, proprietary and/or competitively sensitive information or trade secrets.

**ARGUMENT**

The Plaintiffs' agree to limit said Request to the production of MECI's Federal Income Tax Returns from 2000 to the present date.

> Respectfully submitted,
> The Plaintiffs,
> Nelson Rouette, Jay Nearis and
> Quality Machine Solutions, Inc.,
> By their Attorney,
>
> _____
> ADAM J. BASCH, ESQ.
> BACON & WILSON, P.C.
> 33 State Street
> Springfield, MA 01103
> Ph: (413) 781-0560
> Fax: (413) 739-7740
> BBO# 655482
> June 1, 2005

**CERTIFICATE OF SERVICE**

I, ADAM J. BASCH, hereby certify that on the 2nd day of June, 2005, I caused a copy of the foregoing to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

Keith R. Jacques
Smith Elliot Smith & Garmey, P.A.
199 Main Street
P.O. Box 1179
Saco, ME 04072

_____
ADAM J. BASCH

388342