**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| NELSON R. ROUETTE AND JAY B. NEARIS, | ) ) | |
|     Plaintiffs and Counterclaim Defendants | ) ) ) | |
| v. | ) ) | Civil Action No.  04-11534-MAP |
| MACHINE & ELECTRICAL CONSULTANTS, INC., FABIEN DUBE AND NORMAN CREPEAU | ) ) ) ) ) | |
|     Defendants and Counterclaim Plaintiffs | ) ) ) | |
| v. | ) ) | |
| MACHINE & ELECTRICAL CONSULTANTS, INC., | ) ) ) | |
|     Third Party Plaintiffs | ) ) | |
| v. | ) ) | |
| QUALITY MACHINE SOLUTIONS, INC., | ) ) ) | |
|     Third Party Defendants | ) | |

**DEFENDANTS/COUNTERCLAIMANTS/THIRD PARTY PLAINTIFF'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**

NOW COME the Defendants/Counterclaimants/Third Party Plaintiff's Machine & Electrical Consultants, Inc.,  Fabien Dube, and Norman Crepeau and submit the following Opposition to Plaintiffs' Motion to Compel Discovery Responses in the above matter:

## INTRODUCTION

Plaintiffs are former employees of Machine & Electrical Consultants, Inc. ("MECI") Plaintiffs commenced this lawsuit seeking payment of allegedly past due commissions and the additional payment of 1.5% of all MECI sales since the commencement of their employment. MECI disputes that any money is owed Plaintiffs. In addition, MECI seeks damages against Plaintiffs and Third Party Defendant Quality Machine Solutions (QMS) arising from Plaintiffs' breach of their duties of loyalty and disclosure to MECI. Both during their employment and following their departure from MECI, Plaintiffs through their association with QMS competed directly with MECI. MECI claims that Plaintiffs diverted suppliers of machinery and equipment, including Kia Heavy Industries, from MECI to QMS. Plaintiffs also diverted sales of machinery, equipment and servicing from MECI to QMS. See MECI's Answers to Interrogatories #6, 7, 8 and 9 attached hereto as Exhibit A. While Plaintiff Jay Nearis' ongoing relationship with QMS is disputed, there can be no dispute that Plaintiff Nelson Rouette and his wife are the principles of QMS. There also can be no dispute that QMS and MECI are direct competitors in the New England market.

As more specifically explained below, MECI has attempted to respond to Plaintiffs' discovery requests as thoroughly as possible while avoiding the production of information and documentation that is confidential, proprietary and competitively sensitive. Unfortunately, discussions to date between counsel for MECI and counsel for the Plaintiffs have been unsuccessful in bridging the gap between Plaintiffs' demand for information and MECI's reasonable desire that this litigation not unfairly and substantially prejudice its ongoing competitive relationship with QMS.

## SPECIFIC DISCOVERY RESPONSES

### INTERROGATORIES #2 & #12

MECI has fully responded to these Interrogatories. In addition to MECI's written response to Interrogatories #2 and #12, MECI also has produced documents regarding each and every sale in which Nelson Rouette was involved. MECI also has produced copies of all backup documents regarding each sale together with sales commission worksheets. Finally, MECI in its First Supplemental Response to Request for Production of Documents, provided copies of cancelled checks drawn on Rivergreen Bank reflecting commissions paid to Nelson Rouette. The information requested, therefore, is fully available in MECI's Response to Interrogatory #2 and #12 and its Responses to Plaintiffs' Request for Production of Documents. No further response is required.

### INTERROGATORY #13

MECI has fully responded to this Interrogatory. In addition to MECI's written response to Interrogatory #13, MECI also has produced documents regarding each and every sale in which Jay Nearis was involved. MECI also has produced copies of the backup documents regarding each sale. The information requested, therefore, is fully available in MECI's Response to Interrogatory #13 and its Responses to Plaintiffs' Request for Production of Documents. No further response is required.

### INTERROGATORIES #14, 15; REQUEST FOR PRODUCTION #19, 39, 40, 50

As noted above, MECI and Third Party Defendant QMS are intense competitors in the New England machinery sales and service market. The discovery requests seek information revealing each and every business transaction involving MECI over a period of at least two years (Request #19 seeks the same information from May 2002 to the present) even if they did not in

any way involve Nelson Rouette or Jay Nearis. The information requested would identify each and every MECI customer who purchased machinery or equipment during this period. In addition, MECI would be obligated to identify the manufacturer of the machinery or equipment, its cost to MECI, the amount for which it was sold, MECI's expenses related to each and every sale, service and commissioning records, and the profits generated by each sale.

Providing the information and records would supply a direct competitor with critical information regarding virtually all aspects of MECI's business. Plaintiffs and QMS have ruthlessly competed with MECI not only since Plaintiffs stopped working for MECI but also while they were employed. There can be no doubt that if provided with the requested information, Plaintiffs would use it to gain an unfair advantage in the competitive marketplace. While counsel have attempted to reach a compromise regarding Plaintiffs' request for this information and supporting documentation, to date the parties have been unable to reach an agreement which would protect the confidential, proprietary, and competitively sensitive information sought in these requests.

REQUEST FOR PRODUCTION #25

During the course of Plaintiffs' employment with MECI, Plaintiffs received payments either directly from MECI or through a payroll service. Summaries of payments have been provided to Plaintiffs' counsel. In addition, in its First Supplemental Response to Plaintiffs' Request for Production of Documents, MECI produced copies of negotiated checks numbered 15902 through 15908 drawn on Rivergreen Bank, Kennebunk, Maine. MECI also has requested copies of checks drawn on Ocean National Bank as well as copies of checks issued by the payroll service. To date, it has not received those documents. Upon receipt of the requested documents, MECI will provide those documents to Plaintiffs' counsel.

## SUMMARY

Defendants/Counterclaimants/Third Party Plaintiffs have attempted in good faith to respond thoroughly to Plaintiffs' requests while protecting highly confidential, proprietary and competitively sensitive information and documentation. MECI has objected only to those requests that seek information and documentation which would provide Plaintiffs and the Third Party Defendant with an unfair, competitive advantage.

On April 20, 2005, MECI served Requests for Production of Documents upon Plaintiffs Nelson Rouette and Jay Nearis. To date, those Requests have not been responded to. In the interest of judicial economy, MECI suggests that any hearing regarding Plaintiffs' Motion to Compel not be scheduled until Plaintiffs have responded to the now overdue Requests for Production of Documents. By delaying a hearing until the documents have been produced, the Court could address all issues involving written discovery responses at one hearing.

DATED this 16th day of June, 2005.

                                          SMITH ELLIOTT SMITH & GARMEY,

                                          /s/   **Keith R. Jacques**
                                          /s/   **Aaron P. Burns**
BY:_____
    Keith R. Jacques, Esq.
    Aaron P. Burns, Esq.
    Attorney for Defendants/Counterclaimants/
    Third Party Plaintiffs

199 Main Street
P.O. Box 1179
Saco, ME 04072
(207) 282-1527

CERTIFICATE OF SERVICE

      I hereby certify that Defendants/Counterclaimants' Opposition to Motion to Compel was served this 16th day of June, 2005 by forwarding a copy by first class mail, postage prepaid, to:

        Adam J. Basch
        Bacon & Wilson, P.C.
        33 State Street
        Springfield, MA 01103-2003

          **/s/**    **Keith R. Jacques**
          _____
          Keith R. Jacques